```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

JAMES A. RICE                    :
                                 :
     vs.                         :   CIVIL ACTION NO. JKB-06-531
                                 :
SOLUTION TECHNOLOGY              :
INTERNATIONAL, ET AL.            :
```

**MEMORANDUM**

This action has been referred to the undersigned for all proceedings by consent of the parties. Defendant Dan L. Jonson has moved for summary judgment, or in the alternative, to dismiss the complaint. (Paper No. 14). The issues have been fully briefed, and no hearing is necessary. Local Rule 105.6. For the reasons set forth below, summary judgment will be granted to Defendant Jonson.

This is a diversity action alleging entitlement to recovery pursuant to the Maryland Wage Payment and Collection Act (WPCA), Md. Code Ann., Lab. & Emp. § 3-501, *et seq.* The named defendants are the corporation that employed the plaintiff, James Rice, and the president and chief executive officer of that corporation, Dan L. Jonson. Defendant Jonson's motion is grounded upon the assertion that he was not the "employer" of Mr. Rice as that term is contemplated in the statute and thus is not liable under the statute.

Defendant Jonson cites a decision of this Court, *Watkins v. Brown,* 173 F. Supp. 2d 409 (D. Md. 2001), in support of his contention regarding the rightful interpretation of the statute at issue. Magistrate Judge Gesner, after a very thorough analysis applying the standard rules of statutory interpretation and divining the plain meaning of the language in the statute, concluded that the general manager of a business named as a defendant in an action brought under the WPCA was not subject to liability under that action. *Id.* There is no need to replicate here Judge Gesner's clear and convincing presentation. Mr. Rice, in fact, does not challenge that analysis but argues, instead, that the situation in this case is factually different from that in *Watkins.*[1] The functional difference asserted is that the individual defendant in this case is the president and chief executive officer rather than a general manager. Plaintiff seeks to seize on some language in *Watkins* referencing the general manager in that case as a "mere supervisor" and contrasting that role to the executive role performed by Mr. Jonson in the case at

---

[1] Mr. Rice also cites to two cases (*Rogers v. Savings First Mortgage LLC, et al.,* 362 F. Supp. 2d 624 (D. Md. 2005), and *Friolo v. Frankel, et al.,* 819 A.2d 354 (Md. 2003), as cases in which individual defendants were held liable under the WPCA. In neither of those cases, however, was the question of interpretation of the pertinent section of the statute presented or reached by the courts, and there is no holding in those cases on the issue presented here.

bar.  That distinction, while real, is of no significance.  The papers attached to both the motion and the response to the motion make clear that the "employer" of Mr. Rice was the corporation, Solution Technology International, Inc.  The fact that Mr. Jonson took certain action *vis-a-vis* Mr. Rice on behalf of the corporation--the type of actions that chief executives routinely perform--does not transmogrify Mr. Jonson into Mr. Rice's employer.  It is hornbook law that a corporation can act only through its agents and employees.  In this case, Solution Technology International, Inc., acted toward Mr. Rice through another of its employees, Mr. Jonson, and Mr. Rice's arguments to the contrary are wholly without force.  A separate Order will be issued awarding summary judgment to Mr. Jonson.

                                        BY THE COURT:


___11/9/06_____          _____/s/_____
Date                            James K. Bredar
                                United States Magistrate Judge